**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARIO KARAGIANIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF WICHITA, KANSAS, )<br>CHIEF NORMAN WILLIAMS, )<br>et al. )<br>)<br>Defendants. )<br>_____) | Case No. 07-1192-MLB-DWB |

**PROTECTIVE ORDER**

NOW, on this 4th day of September, 2008, the above matter comes before the court on the motion of the parties (Doc. 51) for a protective order. Plaintiff appears by and through counsel, Clinton E. Patty. Defendant appears by and through Deputy City Attorney, Kelly J. Rundell.

To protect the privacy of the litigants, the privacy of persons unrelated to the case pending and the confidential nature of personnel files, internal investigations of the Wichita Police Department and criminal investigations of individuals who are not a party to this action, a protective order is appropriate.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**, the following protective order be entered:

Any personnel files, internal affairs files, professional standard investigations or Wichita police department records, or portions thereof, of any persons other than plaintiff, and any other documents subject to this Protective Order by court order, shall be deemed "Confidential Material" and shall be treated as be confidential.

Confidential Material shall be marked in a manner that will identify the source of the Confidential Material is governed by this Protective Order.

Confidential Material shall only be used in the prosecution and defense of the claims in this case and shall not be used for any other purpose; Confidential Material shall not be disclosed to any party, attorney or person, except in this case as provided herein.

Any Confidential Material produced pursuant to this Order shall be stored under the direct control and supervision of counsel in this case who shall be responsible for preventing disclosure thereof, except in accordance with the terms of this Protective Order. Counsel may receive one copy of the Confidential Material and shall not reproduce that material or copy the same except for use as exhibits in depositions or at trial, or for attachment, under seal, to pleadings or briefs in this case, as provided below. Within sixty (60) days after the conclusion of this case and any appeal, all Confidential Materials covered by this Protective Order and all copies thereof, shall be returned to the producing party by request. If the Confidential Material was obtained directly, from a source other than the opposing party, it shall be destroyed within sixty (60) days after the conclusion of this case and any appeal. This Protective Order shall remain in effect after the conclusion of this case.

No attorney or party shall copy, turn over, disclose or make available to any person any of the Confidential Materials covered by this order except as stated herein.

Confidential Material produced pursuant to this order and any information gathered therefrom shall only be disclosed to the following person in connection with proceedings in this case:

- The attorneys for parties in this litigation and their clerical and support staff;

- The judges in this litigation, the judges' staff and other court personnel as the court deems appropriate;

- Individuals identified as expert witnesses, either consulting experts or testimonial experts, provided that such expert witnesses are advised of the terms of this Protective Order and are instructed not to disclose the documents or information covered by this order except as allowed by this Protective Order.

No Confidential Material shall be attached to any pleading or briefs filed in the court file in this case unless the party seeking to file such document(s) files a motion allowing the same to filed under seal and obtains an order for the court authorizing the same.  Any filing under seal shall be in compliance with the Court's *Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means in Civil Cases*, Section II(J).  The parties shall cooperate in establishing the method for use of any Confidential Material in depositions taken in this case, included in the sealing of Confidential Material used as a deposition exhibit, and the sealing of any portions of depositions which recite or disclose the substance of Confidential Materials.

The restrictions set forth in this order shall not apply to Confidential Materials or information contained therein that:

- Was, is or becomes public knowledge, by means which are not in violation of the terms of this Protective Order;

- Is acquired from a third party having the right to disclose such information or material; or

- Was lawfully possessed by the party prior to entry by the Court of this Protective

Order;

Any party may seek modification of this Protective Order by agreement of all parties, or failing agreement, by motion to the Court.

Plaintiff's counsel, all attorneys and support staff in his office, are precluded from disclosing, utilizing or referencing any confidential materials or any information contained therein in any current or subsequent criminal or civil case in which plaintiffs' counsel or another attorney in his office may be appointed or retained. Plaintiff's counsel, attorneys in his office and any co-counsel in a pending or subsequent criminal or civil case, are precluded from utilizing
or referencing any information gathered, obtained or gleaned from Confidential Materials when questioning or examining a Wichita Police Department officer in such case. Such prohibition will not apply if counsel can articulate an independent source as a basis for such information or inquiry.

The Court may enter whatever additional orders and/or sanctions it deems appropriate in order to secure the confidentiality and/or Confidential Materials and information contained therein which are produced pursuant to this order or which are necessary to address any violation of this order.

IT IS SO ORDERED.

    s/ DONALD W. BOSTWICK
U.S. Magistrate Judge